Reed, P. J.,
delivered the opinion of the court.
Many errors are assigned, several of which it will not be necessary to discuss.
Upon the trial defendant asked leave to amend his answer of general denial, after the plaintiff had offered the evidence in regard to title by gift from the husband, claiming surprise; tendered a verified amendment alleging, among others, the fact that at the time of the alleged gift and pretended transfer of the property, and for some time before, C. H. McLaughlin was a bona fide creditor of the husband, H. A. Butters, and that he was insolvent at the time of the alleged gift. The amendment was denied. Upon the trial evidence to establish the insolvency was offered, and refused on the ground that the answer, being a general denial, the evidence could not be received; that fraud must be specially pleaded, *297 etc. The only allegation in the complaint, being that on the date of the levy plaintiff was the owner and entitled to the possession, was fully answered by the general denial. There was nothing to disclose the origin or source of title in the complaint. Consequently it could not be traversed.
Section 3007, Mills’ Stats, (sec. 2266, Gen. Stats.), is as follows: “ What property of married woman remains her own. The property, real and personal, which any woman in this state may own at the time of her marriage, and the rents, issues, profits and proceeds thereof, and any real, personal or mixed property which shall come to her by descent, devise or bequest, or the gift of any person except her husband, including presents or gifts from her husband, as jewelry, silver, tableware, watches, money and wearing apparel, shall remain her sole and separate property, notwithstanding her marriage, and not be subject to the disposal of her husband, or liable for his debts.”
The property in controversy, it will be seen, is not such that it can be made the sole and separate property of the wife by a gift from the husband, and, to maintain her right, some title known to the law must have been established. Where husband and wife are living together, the legal presumption is that such property as that in controversy is the property of the husband. Allen v. Eldridge, 1 Colo. 288. And where the wife goes to a lower altitude, leaves the property in the full possession of the husband, who exercises full control, and fails to assert title, the presumption is stronger.
Any competent proof to show the pretended title invalid, or, in 'other words, to show that the plaintiff was not the owner, was admissible under the pleadings, and when the evidence disclosed a supposed title by gift of property of a character not allowed by statute, the testimony of the insolvency of the husband prior to the gift and at the time was clearly admissible to establish want of title. It was not as supposed by the learned judge a question of fraud that should have been specially pleaded. If, at the time of the attempted gift, the husband was insolvent, no title could *298 pass by tbe gift, and the evidence under the issue. If the learned judge supposed or believed it to be inadmissible, the question of amendments being almost entirely in the discretion of the court, to refuse the amendment and proof was an abuse of discretion.
A fundamental trouble was the lack of ownership of the property with which the husband attempted to endow the new wife at the wedding breakfast. It is shown by the evidence that it was the property of the former wife. The title to the house was in her; remained so until sold out on the trust deed, after her death. There was no will nor administration. The attachment was sued out on the joint notes of the husband and former wdfe; consequently were the debts of the deceased wife. In the absence of children, the husband, as survivor, succeeds to the wife’s estate; but such estate is what remains after paying the wife’s debts, — the balance. If a wife dies owning separate and individual property, also owing debts, the property, like that of any other individual, is liable for such debts as in this case, and the generosity of the husband unavailing, from the simple fact that he had no title.
Another error was in the measure of damage. The court gave judgment for $1,500, the whole amount claimed. The proper inquiry was the value of the property at the time of the seizure. Several witnesses fixed it at from $700 to $800. Witnesses for plaintiff put it at $1,500, not on the basis that the goods were worth that at a fair valuation, or would bring that, but upon the theory that it would cost that to replace them. The latter estimate was adopted by the court. The cost of replacing them might perhaps have been one method of arriving at the value, but it must have been of the same kind of goods that had been in use for the same length of time and in the same condition, not of new goods.
By reason of the error in regard to the proper measure of damage, the judgment was excessive. For the reasons given the judgment must be reversed and cause remanded.

Reversed.